UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMQ INTERNATIONAL CORP.,

     Plaintiff,

v.                                                                Case No. 8:24-cv-01913-WFJ-CPT

3TEK GLOBAL, LLC,

     Defendant.

_____/

## ORDER

Before the Court is Defendant 3TEK Global, LLC's Motion to Exclude Plaintiff AMQ International Corp.'s expert witnesses. Dkt. 46. Plaintiff has responded in opposition, Dkt. 60, and Defendant has replied. Dkt. 69. Also before the Court is Plaintiff's Motion to Exclude Defendant's expert witnesses. Dkt. 48. Defendant has responded in opposition. Dkt. 63. After careful consideration, the Court grants-in-part and denies-in-part without prejudice Defendant's motion, and denies without prejudice Plaintiff's motion.

## I.   Eileen Garcia, Tyler Harden, Ashley Thomas, & Robert Diefendorf

Plaintiff has offered Garcia, Harden, Thomas, and Diefendorf (the "Ring Power Employees") to "testify about facts regarding their involvement in the investigation of the Shredding System's engine in 2024." Dkt. 60 at 4. Defendant

seeks to exclude these expert witnesses, alleging that "their disclosures do not meet these requirements of Rule 26[.]" Dkt. 46 at 6.

Although the Ring Power Employees were initially listed as non-retained experts on Plaintiff's Amended Expert Witness Disclosure, Dkt. 60-1, Plaintiff now claims that they were listed as such "in an abundance of caution in the event that the Court determines certain aspects of their testimony do constitute expert opinions." Dkt. 60 at 5. Plaintiff now avers that these individuals will merely provide "lay-opinion testimony not subject to the disclosure requirements of Rule 26(a)(2)." *Id.* Accordingly, the Court denies without prejudice Defendant's motion as to Garcia, Harden, Thomas, and Diefendorf and declines to exclude them from testifying at this time. Defendant has leave to raise this matter at a later time.

## II.    Ahmed Alatari

Defendant seeks to preclude the damages for: lost profits, depreciation, and "other losses" as claimed by Plaintiff. *See* Dkt. 46 at 2, 7–9. Depreciation was withdrawn by Plaintiff. Dkt. 74 at 26:23–27:4 ("There was also in our initial disclosure some depreciation. That is withdrawn.").

Plaintiff has offered Alatari to provide lay opinion testimony as to lost profits. *See* Dkt. 60 at 7–9. Defendant seeks to exclude Alatari. Dkt. 46.

Florida law holds that "lost profit damages are recoverable if there is 'some standard by which the amount of damages may be adequately determined.'" *Nebula*

2

*Glass Intern., Inc. v. Reichhold, Inc.*, 454 F.3d 1203, 1217 (11th Cir. 2006) (quoting *W.W. Gay Mech. Contractor, Inc. v. Wharfside Two, Ltd.*, 545 So. 2d 1348, 1350–51 (Fla. 1989)). The standard appropriate for a startup—such as the business in question—is generally the "yardstick test," which looks to the profits of businesses "that are closely comparable to the plaintiff's." *4 Corners Ins., Inc. v. Sun Publ'ns of Fla., Inc.*, 5 So. 3d 780, 783 (Fla. 2d DCA 2009) (quoting *G.M. Brod & Co. v. U.S. Home Corp.*, 759 F.2d 1526, 1538 (11th Cir. 1985)).

Here, Alatari is not qualified to render such an opinion on lost profits. Alatari lacks personal knowledge, as he never engaged in this business before and had no experience in car shredding on which to base his opinion. *See* Dkt. 46-3 at 5–8 ("We have not owned any other business that contained a shredding operation."). This was a new venture that did not operate long enough to make any profit. *Id.* ("We didn't get the chance to make a profit yet and us to tie it to specific numbers."). Further, Alatari cannot provide any standard or "yardstick" for this Court to consider, as his "opinions regarding expenses and lost profits are based on his own particularized knowledge of AMQ's business, including his knowledge of his own business plan." Dkt. 60 at 9. Accordingly, the Court grants Defendant's motion as to Alatari and excludes him from testifying about lost profits. The Court precludes by this Order Plaintiff's claim for lost profits.

### III. Thomas Rushin, Timothy Csendom, Bill Padula, Matt Morrison, & Alan Williams

Plaintiff has offered Rushin and Csendom and Defendant has offered Padula, Morrison, and Williams to provide expert testimony regarding the shredding system at issue. *See* Dkts. 60, 63. Each party seeks to exclude the opposing party's respective expert witnesses. *See* Dkts. 46, 48.

The Court finds the testimony of these expert witnesses to be better assessed upon a more fully developed record at trial. Accordingly, the Court denies without prejudice Defendant's motion as to Rushin and Csendom and denies without prejudice Plaintiff's motion as to Padula, Morrison, and Williams, and declines to exclude them from testifying at this time. Each party has leave to raise this matter at a later stage.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. Defendant 3TEK Global, LLC's Motion to Exclude, Dkt. 46, is **GRANTED-IN-PART** as to Ahmed Alatari, who is excluded from testifying about lost profits. In doing so, the Court precludes Plaintiff's claim for lost profits.

2. Defendant 3TEK Global, LLC's Motion to Exclude, Dkt. 46, is **DENIED-IN-PART** without prejudice as to Thomas Rushin and Timothy Csendom.

3. Plaintiff AMQ International Corp.'s Motion to Exclude, Dkt. 48, is **DENIED** without prejudice as to Bill Padula, Matt Morrison, and Alan Williams.

5

**DONE AND ORDERED** at Tampa, Florida, on April 15, 2026.

/s/ William F. Jung
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record

5